484

Appeal of: Frankford Hospital Re: Carmen Sellechia Commonwealth of Pennsylvania, Department of Public Welfare. Frankford Hospital, Appellant.

Argued September 9, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*John P. Quinn*, with him *Carl T. Bogus*, and *Steinberg, Greenstein, Gorelick & Price*, for appellant.

*Michael McGinley*, with him *Darius G. C. Moss*, Assistant Attorney General, *Barry A. Roth*, Assistant

Attorney General, *Paul J. Carey, Jr.,* General Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 5, 1976:

Frankford Hospital, Philadelphia, has appealed a decision of the Department of Public Welfare denying it reimbursement for inpatient care rendered to Carmen Sellechia after November 23, 1968. Sellechia was admitted to the hospital on November 12, 1968 for emergency treatment of a urinary obstruction and uremia. By November 22, 1968 his condition was improved to the degree that he could have been cared for in a lesser care facility but he remained at the hospital until March 23, 1969 because no such lesser care facility was available until that date. Citing Department of Public Welfare Regulation Section 9421.521, which requires hospitals to report misutilization of their facilities to the County Board of Assistance, the Department denied reimbursement to the hospital, although the examiner found as a fact that Frankford Hospital "expended every reasonable effort to place the patient in a lesser care facility on and after November 23, 1968," a finding well supported in the record.

The question here presented is identical to that decided by this Court in *Commonwealth of Pennsylvania, Department of Public Welfare v. Temple University,* 21 Pa. Commonwealth Ct. 162, 343 A.2d 701 (1975), where we reversed the Department on almost identical facts. There Judge BLATT wrote for us:

"The case presented is one largely involving the interpretation and application of the departmental regulations. It is obvious that Regulation 9421.521 provides for the reporting of misutilization and that it does not itself speak to the issue of withholding reimbursement. Reimbursement is governed by Regulation

9421.532. That regulation authorizes the Director of Utilization of the Bureau of Medical Assistance, after considering the report and recommendations of the Utilization Review Committee, to decide on one of the following courses of action for such cases:

" 'a. Deny reimbursement or payment for services for all or part of a hospital stay . . . .

" 'b. Authorize reimbursement for the services, either in whole or in part, based on the medical necessity for the services.' Pa. Manual Section 9421.532.

"The regulations, therefore, allow for the exercise of some administrative discretion in determining whether or not, and to what extent hospitals shall be reimbursed for misutilization. In misutilization cases such as this where a patient may no longer be in need of continued acute hospital care but does need some lower level care, we believe that it would be an abuse of administrative discretion to deny reimbursement to hospitals which have diligently put forth every effort to locate, without success, an appropriate lesser care facility or a competent relative for the patient. In such circumstances there is still a medical necessity for the hospital services. To hold otherwise would be to read penalty provisions into the regulations where the culpability of the hospital for the particular misutilization involved cannot be established. Clearly this type of penalty would not further the purposes of the utilization review procedure." At 166, 343 A.2d at 704.

We adhere to that decision.

## ORDER

AND Now, this 5th day of October, 1976, the order of the Department of Public Welfare of October 6, 1975 is reversed.